UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 OCT 27 P 3: 00

| | |
|---|---|
| ROMIE HARRIS, JR., AMY HARRIS, RUBY FRANCIS FOWLER, MARY LOIS GREEN, JAMES THOMAS, LULA THOMAS and JANIE BUFORD,<br>     Plaintiffs<br><br>v.<br><br>PACIFICARE LIFE AND HEALTH INSURANCE COMPANY, ROBERT D. BELL, ELIZABETH R. CLARK, WILLIE C. TILLIS, and Fictitious Defendants A through Z, those corporations, partnerships, LLC's, individuals or other entities who conduct contributed to the damages claimed herein whose names are not yet known to Plaintiffs but will be substituted by amendment when ascertained.<br>     Defendants | CIVIL ACTION NO. 2:06-CV-00956 |

**PACIFICARE LIFE AND HEALTH INSURANCE COMPANY'S
ORIGINAL ANSWER, DEFENSES AND CROSS-CLAIMS**

TO THE HONORABLE COURT:

COMES NOW PacifiCare Life and Health Insurance Company, ("PacifiCare"), and files this its Original Answer to the Plaintiffs' Original Complaint, with numbering corresponding to that found in Plaintiffs' Original Complaint:

I.

1.   PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.   PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6. PacifiCare admits that its principal place of business is located in California, and further admits the remaining allegations contained in this paragraph.

7. On information and belief, PacifiCare denies that Defendant Robert D. Bell's address is 508 North Cleveland Street, Albany, Georgia 31701. PacifiCare further denies that Defendant Robert D. Bell was an agent for PacifiCare. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

8. On information and belief, PacifiCare denies that Defendant Elizabeth R. Clark's address is 505 Wisteria Place, Birmingham, Alabama 35216. PacifiCare further denies that Defendant Elizabeth R. Clark was an agent for PacifiCare. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

9. PacifiCare denies that Defendant Willie Clyde Tillis was an agent for PacifiCare. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

10. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11.     PacifiCare denies that Plaintiffs' allegations fail to state a claim under federal law.  The remaining statements contained in this paragraph are legal conclusions and, therefore, do not require a response.  However, to the extent that the remaining allegation of this Paragraph contains factual allegations, PacifiCare denies such allegations.

12.     The statements contained in this paragraph are legal conclusions and, therefore, do not require a response.  However, to the extent that this paragraph contains factual allegations, PacifiCare denies such allegations.

13.     PacifiCare admits that it offers a private fee for service Medicare Advantage plan known as SecureHorizons Direct.  PacifiCare further admits that Plaintiffs Romie Harris, Jr., Mary Lois Green, James Thomas, Lula Thomas and Janie Buford were enrolled in SecureHorizons Direct during 2006, but denies that Plaintiffs Amy Harris or Ruby Frances Fowler were enrolled.  PacifiCare denies the remaining allegations in this paragraph.

14.     PacifiCare denies the allegations contained in this paragraph as they pertain to PacifiCare. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

15.     PacifiCare denies the allegations contained in this paragraph as they pertain to PacifiCare. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

16.     PacifiCare denies the allegations contained in this paragraph as they pertain to PacifiCare. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

17. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. PacifiCare denies that it engaged in any wrongful action. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

21. PacifiCare denies that it engaged in any wrongful action. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## COUNT I

### Fraud

22. PacifiCare restates and incorporates its responses to Paragraphs 1 through 22 as though fully copies herein.

23. PacifiCare denies any allegation that it was involved in any actionable conduct, including but not limited to fraud.

24. PacifiCare denies any allegation that it was involved in any actionable conduct, including but not limited to fraud.

25. PacifiCare denies any allegation that it was involved in any actionable conduct, including but not limited to fraud, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

26. PacifiCare denies the allegations contained in this paragraph as they relate to PacifiCare.

## COUNT II

### Unjust Enrichment

27. PacifiCare restates and incorporates its responses to Paragraphs 1 through 26 as though fully copies herein.

28. PacifiCare denies the allegations contained in this paragraph as they relate to PacifiCare. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

29. PacifiCare denies that Plaintiffs are entitled to the relief requested in this paragraph.

## COUNT III

### Negligent Infliction of Emotional Distress

30. PacifiCare restates and incorporates its responses to Paragraphs 1 through 29 as though fully copies herein.

31. PacifiCare denies the allegations contained in this paragraph as they relate to PacifiCare. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

32. PacifiCare denies the allegations contained in this paragraph as they relate to PacifiCare. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

33. PacifiCare denies the allegations contained in this paragraph as they relate to PacifiCare.

## COUNT IV

### Wantonness

34. PacifiCare restates and incorporates its responses to Paragraphs 1 through 33 as though fully copies herein.

35. PacifiCare denies the allegations contained in this paragraph as they relate to PacifiCare. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

36. PacifiCare denies the allegations contained in this paragraph as they relate to PacifiCare. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

37. PacifiCare denies the allegations contained in this paragraph as they relate to PacifiCare.

## COUNT V

### Outrage

38. PacifiCare restates and incorporates its responses to Paragraphs 1 through 37 as though fully copies herein.

39. PacifiCare denies the allegations contained in this paragraph as they relate to PacifiCare. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

40. PacifiCare denies the allegations contained in this paragraph as they relate to PacifiCare. PacifiCare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

41. PacifiCare denies the allegations contained in this paragraph as they relate to PacifiCare.

## II.

## DEFENSES

### First Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted and should, therefore, be dismissed with prejudice with all costs assessed against Plaintiffs.

### Second Defense

Plaintiffs' claims, if any, are governed and preempted by federal law, as more specifically set forth in PacifiCare's Notice of Removal.

### Third Defense

PacifiCare owed no duty to Plaintiffs that was breached as alleged in the Complaint.

### Fourth Defense

PacifiCare denies that any of its actions and/or omissions caused or contributed to Plaintiffs' harm.

### Fifth Defense

The sole proximate and/or contributing cause of Plaintiffs' damages, if any, were not caused or contributed to by any act or omission of PacifiCare.

### Sixth Defense

Any damages sustained by Plaintiffs were solely and proximately caused and/or contributed to by the unforeseeable, intervening or superseding causes and/or other causes attributable to persons, entities or events with respect to which PacifiCare had neither control, right to control, duty to control nor any other legal relationship whatsoever.

### Seventh Defense

PacifiCare reserves all statutory and/or indemnity rights it may have against all others whether parties to this action or not.

### Eighth Defense

PacifiCare's actions herein were conducted in good faith and were in accordance with the terms and conditions of its contractual obligations, if any.

### Ninth Defense

PacifiCare's actions at all times herein were commercially reasonable and in conformance with the requirements of applicable law.

### Tenth Defense

Any award of punitive damages would be a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

### Eleventh Defense

The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise, and inconsistent and are therefore in violation of the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### Twelfth Defense

Any award of punitive damages in this case would amount to an excessive fine in violation of the Eighth Amendment of the United States Constitution.

### Thirteenth Defense

PacifiCare denies each and every allegation of the Complaint in which Plaintiffs seek to impose liability upon PacifiCare, whether expressly denied herein or not.

**Fourteenth Defense**

PacifiCare hereby gives notice that it intends to rely upon such other and further defenses as may become available to it or apparent during the course of discovery in this case, and reserves the right to amend its answer and defenses to assert any such defenses.

**Fifteenth Defense**

PacifiCare pleads rights of contribution, third-party responsibility, and/or indemnity from one or more co-defendants and would aver that the acts and/or omissions of said parties caused, in whole or in part, Plaintiffs' injuries and/or damages, if any, and that a recovery, if any, against PacifiCare by the Plaintiffs must be reduced in accordance with the proportionate share of fault of all such named parties and/or PacifiCare is entitled to indemnification against the award of any damages.

**III.**

**CROSS-CLAIMS**

1.  **Cross-Claim Defendants:**

    (a)  Robert D. Bell is a non-resident citizen of the State of Alabama and a resident citizen of the State of Georgia, and upon information and belief, may be served with process at 2021 N. Slappey Boulevard #205, Albany, Georgia 31701. Summons is hereby requested.

    (b)  Elizabeth R. Clark is a resident citizen of the State of Alabama, and upon information and belief, may be served with process at 1829 16th Street, S.W., Birmingham, Alabama 35211. Summons is hereby requested.

(c)     Willie Clyde Tillis is a resident citizen of the State of Alabama, and upon information and belief, may be served with process at 306 Mullins Street, Opp, Alabama 36467. Summons is hereby requested.

2.     To the extent PacifiCare is held liable to Plaintiffs under any cause of action asserted herein, PacifiCare asserts a claim of contractual and/or common law right of contribution and/or third-party responsibility against co-defendants Robert D. Bell, Elizabeth R. Clark and Willie Clyde Tillis.

3.     To the extent PacifiCare is held liable to Plaintiffs under any cause of action asserted herein, PacifiCare asserts a contractual and/or common law right of indemnity against co-defendants Robert D. Bell, Elizabeth R. Clark and Willie Clyde Tillis.  Each of the aforementioned co-defendants acted solely as independent contractors under separate agreements with PacifiCare, with each contract containing an indemnification provision.  Accordingly, each of the aforementioned co-defendants owes indemnification to PacifiCare for all causes of action asserted herein and any damages that may result therefrom.

## **PRAYER**

**WHEREFORE**, having answered and defended the allegations of Plaintiffs' Complaint, and asserted certain cross-claims against other named defendants, PacifiCare requests that the Complaint be dismissed with prejudice as to any claims against PacifiCare with all costs assessed against Plaintiffs; alternatively, and to the extent any damages are awarded against PacifiCare, that PacifiCare be awarded contribution and/or indemnification from its co-defendants as pleaded for herein, with all costs assessed against the other defendants; and for any other relief to which it is entitled.

Respectfully submitted,

*George B. Harris*
_____
Philip H. Butler (BUT007)
George B. Harris (HAR138)
William C. McGowin (MCG040)

OF COUNSEL

Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701


Paula Denney
Texas State Bar No. 05746950
John K. Edwards
Texas State Bar No. 24002040
Cedric D. Scott
Texas State Bar No. 24013474
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
Phone: 713-752-4200
Fax: 713-752-4221

ATTORNEYS FOR DEFENDANT
PACIFICARE LIFE AND HEALTH
INSURANCE COMPANY

11

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been furnished to all parties and counsel of record as listed below, by certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure this 27th day of October, 2006.

L. Cooper Rutland, Jr.
Rutland & Braswell, L.L.C.
208 N. Prairie Street
P.O. Box 551
Union Springs, Alabama 36089

*Attorney for Plaintiffs*

Willie C. Tillis
306 Mullins Street
Opp, Alabama 36467

_____
George B. Harris
Of Counsel

12