UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROMIE HARRIS, JR., AMY HARRIS, RUBY FRANCIS FOWLER, MARY LOIS GREEN, JAMES THOMAS, LULA THOMAS and JANIE BUFORD, <br><br> Plaintiffs, <br><br> v. <br><br> PACIFICARE LIFE AND HEALTH INSURANCE COMPANY, ROBERT D. BELL, ELIZABETH R. CLARK, WILLIE C. TILLIS, and Fictitious Defendants A through Z, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * CIVIL ACTION NO.: 2:06-CV-956-ID <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## PLAINTIFFS' MOTION TO REMAND

**COME NOW** the Plaintiffs, by and through their undersigned counsel of record, and move this Honorable Court to remand this case to the Circuit Court of Bullock County, Alabama, from which it was improperly removed by Defendants. In support of this Motion, Plaintiffs show as follows:

1. On September 21, 2006, Plaintiffs, all residents of Bullock County, Alabama, filed a Complaint against Pacificare Life and Health Insurance Company (hereinafter "Pacificare"), Robert Bell, Elizabeth Clark, and Willie Tillis in the Circuit Court of Bullock County, Alabama. Plaintiffs' claims against the Defendants in the state court action consist of the following state law claims: (1) fraud; (2) unjust enrichment; (3) negligent infliction of emotional distress; (4) wantonness; and (5) outrage.

2. On October 20, 2006, Defendant Pacificare improperly removed the state court action from

      the Circuit Court of Bullock County to this Court pursuant to 28 U.S.C. § 1446. Defendant Pacificare's argument for removal rests on the contention Plaintiffs' state law claims are completely pre-empted by federal law, that is, the Medicare Act/MMA.

3. It is well-settled that removal must be based upon the existence of a federal district court's original jurisdiction of a state court action. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 391-392 (1987). Defendants bear the burden of establishing this Court's subject matter jurisdiction. Laughlin v. Prudential Ins. Co., 882 F.2d 187, 190 (5th Cir. 1989); B. Inc., 663 F.2d at 549; Lowe v. Ingalls Shipbuilding, 723 F.2d 1173, 1177 citing Epps v. Bexar-Medina-Atascosa Counties Water Improvement Distr. No. 1, 665 F.2d 594, 595 (5th Cir. 1982). If federal jurisdiction is even "doubtful", this case must be remanded. Williams v. Tri-County Community Center, 323 F.Supp. 286, 288 (S.D. Miss. 1971). A defendant may remove a state court action to federal court only if the action could have been originally filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 391-392 (1987).

4. This case should be remanded for two reasons. First, the removal is procedurally defective as Defendant Robert Bell did not join in the removal even though he had been served. This reason alone mandates remand.

5. Secondly, this Court lacks federal question jurisdiction. Plaintiffs have asserted only state law claims. Defendant Pacificare has the burden of demonstrating that a substantial question of federal law is necessary to the resolution of the Plaintiffs' claims. See Franchise Tax Board v. Const. Laborers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983); Kidd v. Southwest Airlines, 891 F.2d 540, 542-43 (5th Cir.1990); First Nat. Reserve,

L.C. v. Vaughn, 931 F.Supp. 463, 468 (E.D.Tex.1996); Rogers v. Modern Woodmen of America ,1997 WL 206757, *4 (N.D.Miss.,1997). Defendant Pacificare has failed to meet this burden. Moreover, the fact that a state law claim relates to a federal issue, or involves an interpretation of a federal law, does not necessarily establish a federal question and provide removal jurisdiction. See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229 (1986).

6. Moreover, contrary to Defendants' arguments, it is well established that the Medicare statutory provisions do not provide for "complete pre-emption". See Burke v. Humana Ins. Co., 1995 WL 841678, 2 (M.D. Ala.); Grace v. Interstate Life & Accident, Ins. Co., 916 F.Supp. 1185, 1191 (M.D. Ala. 1996).

7. Plaintiffs also rely on their accompanying Memorandum of Law which addresses these issues further.

8. Plaintiffs request that this Court order Defendant Pacificare to pay costs resulting from the improper removal in an amount determined by the Court to be just and reasonable.

For these reasons, and those set out in the supporting Memorandum, Plaintiffs respectfully request that the Court remand this action to the Circuit Court of Bullock County, Alabama, and award all costs and fees incurred in seeking remand pursuant to 28 U.S.C. § 1447(c).

    **Plaintiffs, by Counsel**

    /s/ Rodney E. Miller
    **Robert G. Methvin, Jr. (MET009)**
    **J. Matthew Stephens (STE153)**
    **Rodney E. Miller (MIL126)**

**OF COUNSEL:**
**MCCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Telephone:    (205) 939- 0199
Facsimile:    (205) 939-0399

/s/ L. Cooper Rutland
**L. Cooper Rutland, Jr. (RUT010)**

**OF COUNSEL:**
**RUTLAND & BRASWELL, L.L.C.**
208 N. Prairie Street
P.O. Box 551
Union Springs, AL 36089

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROMIE HARRIS, JR., AMY HARRIS, RUBY FRANCIS FOWLER, MARY LOIS GREEN, JAMES THOMAS, LULA THOMAS and JANIE BUFORD, <br><br>Plaintiffs, <br><br>v. <br><br>PACIFICARE LIFE AND HEALTH INSURANCE COMPANY, ROBERT D. BELL, ELIZABETH R. CLARK, WILLIE C. TILLIS, and Fictitious Defendants A through Z, <br><br>Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * CIVIL ACTION NO.: 2:06-CV-956-ID <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2006, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Philip H. Butler
George B. Harris
William C. McGowin
**BRADLEY, ARANT, ROSE & WHITE, LLP**
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone:   (334) 956-7700

I hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

Paula Denney
John K. Edwards
Cedric D. Scott
**JACKSON WALKER, LLP**

5

1401 McKinney, Suite 1900
Houston, TX 77010
Telephone:     (713) 752-4200


Willie C. Tillis
306 Mullins Street
Opp, AL 36467


Robert D. Bell
508 N. Cleveland Street
Albany, GA 31701


Elizabeth Clark
505 Wisteria Palce
Birmingham, AL 35216

/s/ Rodney E. Miller
**Rodney E.  Miller  (MIL126)**
**MCCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205