UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROMIE HARRIS, JR., AMY HARRIS, RUBY FRANCIS FOWLER, MARY LOIS GREEN, JAMES THOMAS, LULA THOMAS and JANIE BUFORD,<br><br>    Plaintiffs,<br><br>v.<br><br>PACIFICARE LIFE AND HEALTH INSURANCE COMPANY, ROBERT D. BELL, ELIZABETH R. CLARK, WILLIE C. TILLIS, and Fictitious Defendants A through Z,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>* CIVIL ACTION NO.: 2:06-CV-956-ID<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

**COME NOW** the Plaintiffs, by and through their undersigned counsel of record, and provide the following Memorandum of Law in Support of Motion to Remand filed contemporaneously herewith.

### INTRODUCTION

Plaintiffs filed this case against Pacificare Life and Health Insurance Company (hereinafter "Pacificare"), Robert Bell, Elizabeth Clark, and Willie Tillis in the Circuit Court of Bullock County, Alabama on September 21, 2006. Plaintiffs' Complaint brings state law claims asserting that Defendants fraudulently misrepresented material information, as well as engaged in other wrongful conduct when enrolling Plaintiffs in Pacificare's Secure Horizons Direct Healthcare Program.

This case is before this Court as a result of Pacificare's improper removal pursuant to 28

U.S.C. § 1446. At its core, Defendant relies on the misplaced argument that Plaintiffs' state law claims are completely pre-empted by federal law, that is, the Medicare Act/MMA. Defendant Pacificare is wrong, and this case should be remanded based on two critical factors. First, Pacificare's removal is procedurally defective as Defendant Bell did not join in the removal. This reason alone mandates remand. Secondly, even if Pacificare's removal was not procedurally defective, this Court lacks federal question jurisdiction, as the Medicare Act/MMA does not pre-empt Plaintiffs' state law claims.

**ARGUMENT**

**I.    Defendant Pacificare's Removal is procedurally defective.**

Defendant Bell did not join in the Notice of Removal filed by Pacificare; therefore, the removal is defective on its face. The Eleventh Circuit follows the "unanimity rule", which requires "that in cases involving multiple defendants, all defendants must consent to removal." <u>Russell Corp. v. American Home Assurance Corp.</u>, 264 F.3d 1040, 1044 (11th Cir. 2001). "Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." <u>Id</u>. at 1049.

In filing the Notice of Removal, Defendant Pacificare attached Defendant Tillis' Notice of Consent to Removal. (<u>See</u> Exhibit "C" of Defendant's Notice of Removal). Defendant Pacificare contends in its Notice of Removal that Defendant Bell is not required to join in the removal because he has not been served. (Notice of Removal, ¶9). This statement, however, is totally inaccurate. One need look no further than Defendant's own Notice of Removal as evidence. Exhibit "B" of Defendant Pacificare's Notice of Removal shows that Defendant Bell was served on September 26, 2006. Consequently, Defendant Pacificare's failure to obtain Defendant Bell's consent to the

removal renders the Notice of Removal procedurally defective under 11th Circuit precedent. This reason alone requires this case to be remanded back to its proper forum.

**II.    Plaintiffs' claims have not invoked federal question jurisdiction.**

    **A.    No issues of federal law are raised on the face of the Plaintiffs' Complaint and no relief premised on federal law is sought from this Court or the state court.**

Even if Defendant Bell had, in fact, consented to removal, this case should still be remanded as there is no federal question jurisdiction. A defendant may remove a civil action from state court to federal court provided that the federal court has original jurisdiction over the plaintiff's claims. 28 U.S.C. §§ 1441(a). The propriety of the Defendants' removal on federal question grounds depends upon whether any of the Plaintiffs' claims arise under federal law, thereby giving this Court original federal question jurisdiction over the claims. See 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Whether a claim arises under federal law so as to confer federal question jurisdiction under 28 U.S.C. §§ 1331 is governed by the "well-pleaded complaint" rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Because the "well-pleaded complaint" rule provides for the determination of jurisdiction solely on the basis of the plaintiff's complaint, the rule makes the plaintiff master of the claim, and federal jurisdiction may be avoided by exclusive reliance on state law. See Caterpillar, 482 U.S. at 392.

The Plaintiffs in the instant action bring only state law claims in their Complaint. Indeed, no Plaintiffs have sought relief under a federal law, and none of the claims before the Court are pre-

empted by federal law. The Complaint specifically states:

> Plaintiffs bring these claims under applicable Alabama State law and makes no claims involving Federal jurisdiction or which might raise a Federal question.

(See Complaint, ¶11, attached as part of Exhibit "B" of Defendant's Notice of Removal).

Federal question jurisdiction arises when a plaintiff sets forth allegations "founded on a claim or right arising under the Constitution, treaties or laws of the United States." See 28 U.S.C. § 1441(b). As discussed above, questions concerning federal question jurisdiction are resolved by application of the "well-pleaded complaint" rule. See Caterpillar, 482 U.S. at 392. The rule provides that the plaintiff's properly pleaded complaint governs the jurisdictional inquiry. If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking. See Franchise Tax Bd. v. Laborers Vacation Trust, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The fact that Plaintiffs' have asserted only state law claims is not disputed by Defendant Pacificare. (See generally Notice of Removal). Moreover, no issue of federal law is raised on the face of the Plaintiffs' Complaint. As such, federal jurisdiction is lacking, and the case is due to be remanded.

**B.  Defendant Pacificare has failed to meet its burden of demonstrating that a substantial question of federal law is necessary to resolve Plaintiffs' claims.**

Defendant Pacificare removed this action claiming that Plaintiffs' claims arise under the laws of the United States. (Notice of Removal, ¶3). Defendant Pacificare does not dispute that Plaintiffs have asserted only state law claims. (See generally Notice of Removal). However, Pacificare argues that Plaintiffs' state law claims "relate to standards established under the Medicare Act/MMA, and are thus superceded and preempted." (Notice of Removal, ¶3).

Defendant Pacificare has the burden of demonstrating that a substantial question of federal

law is necessary to the resolution of the Plaintiffs' claims stated in their Complaint in order to properly remove this action to this court on the basis of federal question jurisdiction. See Franchise Tax Board v. Const. Laborers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983); Kidd v. Southwest Airlines, 891 F.2d 540, 542-43 (5th Cir.1990); First Nat. Reserve, L.C. v. Vaughn, 931 F.Supp. 463, 468 (E.D.Tex.1996); Rogers v. Modern Woodmen of America ,1997 WL 206757, *4 (N.D.Miss.,1997). Defendant Pacificare has clearly failed to meet its burden.

Neither this Court, nor the state court properly having jurisdiction of this case, need consider any federal question to resolve the Plaintiffs' claims. No showing has been made by Defendant Pacificare to indicate that a substantial question of federal law is necessary to the resolution of the claims asserted by the Plaintiffs. Even if Plaintiffs' claims involve construction of federal law, Defendant Pacificare's argument that Plaintiffs' claims are pre-empted because they "relate to standards established under the Medicare Act/MMA" is not sufficient to confer removal jurisdiction. The fact that a state law claim relates to a federal issue, or involves an interpretation of a federal law, does not necessarily establish a federal question and provide removal jurisdiction. See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229 (1986). Accordingly, Defendant Pacificare has failed to meet its burden, removal of this action was improper, and remand is appropriate.

    **C.**    **The Medicare Act does not provide for "complete pre-emption".**

Defendant Pacificare's argument that Plaintiffs' claims are "completely pre-empted" by federal law is without merit. As discussed above, whether a claim arises under federal law so as to confer federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the

plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392. One exception to the "well-pleaded complaint" rule is the "complete pre-emption" doctrine, which provides that "once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Id. at 393. The Supreme Court has found "complete pre-emption" of state law claims to exists in only a few rare instances, i.e., § 301 of the Labor Management Relations Act of 1947 and § 502 of the Employee Retirement Income Security Act of 1974. Burke v. Humana Ins. Co., 1995 WL 841678, 2 (M.D. Ala.). The Supreme Court has identified the following three factors as important in determining whether a claim is "completely pre-empted":

> First and perhaps most importantly, because "the touchstone of the federal district court's removal jurisdiction is ... the intent of Congress," the courts have concluded that there should be evidence of a ***congressional intent*** to make the state claim falling within the scope of the relevant federal statute removable to federal court...
>
> Second, it is not sufficient that the federal law pre-empt the state law claim; the federal law must also "displace" the state law claim with a cause of action...
>
> Third and finally, the jurisdictional and enforcement provisions in the LMRA or ERISA must have a close parallel in the federal claims at issue.

Id. at 2-3. (emphasis added)(citations omitted). Defendant Pacificare has failed to show to any intent of Congress to make claims such as those asserted by Plaintiffs removable to federal court. Defendant Pacificare has also failed to show that federal law has "displaced" Plaintiffs' state law claims with causes of action.

In a similar case, Burke v. Humana Ins. Co., 1995 WL 841678 (M.D. Ala.), the defendants removed the case based on federal question jurisdiction. The defendants in Burke, like Defendant Pacificare in this matter, argued that although the plaintiffs asserted state law claims, the facts

6

alleged in the complaint amounted to violations of federal Medicare law. See Id. at 2. The court rejected this argument and remanded the case. In doing so, the court noted that the defendants, like Defendant Pacificare in this matter, failed to show "any congressional intent to make state-law claims falling within the scope of Medicare [...] removable to federal court." Id. at 3. Moreover, the court in Burke determined that although the statutory provisions regarding Medicare are extensive, "they are not sufficiently similar to the civil enforcement and jurisdictional provisions in the LMRA and ERISA." Id. The court concluded that the statutory Medicare provisions do not provide for "complete pre-emption", especially "such 'complete pre-emption' as would support removal to federal court." Id.

Likewise, in Grace v. Interstate Life & Accident, Ins. Co., 916 F.Supp. 1185, 1191 (M.D. Ala. 1996), the defendants, like Defendant Pacificare in this matter, removed the case contending that the plaintiff's claims gave rise to federal question jurisdiction because they involved "an analysis of benefits provided under Medicare and Medicaid." In relying on Burke, the court concluded that the statutory Medicare provisions do not provide for "complete pre-emption". Id. In accordance with the holdings in Grace and Burke, this case is due to be remanded to its proper court in Bullock County, Alabama.

### III. **Plaintiffs are entitled to costs, expenses and attorney fees as a result of Defendants' removal.**

Having established that Defendant Pacificare's removal of this action to federal court was improper, Plaintiffs are entitled to an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" pursuant to 28 U.S.C.A. §1447(c). Defendant Pacificare has provided no legitimate basis for federal jurisdiction and has ignored the law established by the Middle District of Alabama, all of which discredited the same arguments asserted

by Defendant Pacificare in its Notice of Removal.

Defendant Pacificare's bad faith in removing this matter is evidenced by its failure to offer any law, case law or statutory, which supports its basis for removing this matter. Instead, Defendant Pacificare offers conclusory statements and bald assertions that "Plaintiffs' claims arise under and are completely preempted by federal law." (Notice of Removal, ¶5). Rather than recognizing the clear precedent that has been established by the Middle District of Alabama, Defendant Pacificare chose to remove this matter despite the obvious lack of federal jurisdiction and under the same meritless claim of federal question jurisdiction that was tried and rejected in <u>Grace</u> and <u>Burke</u>. Lacking any objectively reasonable basis for removing this matter, Defendant Pacificare's improper purpose of delay is evident.

In addition, Defendant Pacificare's Notice of Removal is procedurally defective as Defendant Bell did not join in the removal. Interestingly, Defendant Pacificare argues that Defendant Bell's consent is not necessary because he has not been served, while at the same time presenting an exhibit with its Notice of Removal which indicates that Defendant Bell has, in fact, been served. (<u>See</u> Notice of Removal, ¶9 and Exhibit "B").

As there is no objectively reasonable basis for Defendant Pacificare's removal of this matter, Plaintiffs respectfully request, pursuant to 28 U.S.C.A. §1447(c), that this Court award costs and expenses, including attorneys fees incurred as a result of this improper removal.

## **CONCLUSION**

Defendant Pacificare's removal is procedurally defective. This reason alone requires that this case be remanded. Defendant Pacificare also failed to meet its burden of demonstrating that a

substantial question of federal law is necessary to resolve Plaintiffs' claims. Moreover, Pacificare's argument that Plaintiffs' claims are "completely pre-empted" by federal law is without merit. Accordingly, this case is due to be remanded back to its proper forum in the Circuit Court of Bullock County, Alabama.

In addition to remand, Plaintiffs are due costs and fees as removal of this action was improper pursuant to 28 U.S.C. §1447. Defendant Pacificare's only purpose for removal of the action is delay. Because no legitimate grounds existed for removal of this action, and because there is no basis for federal jurisdiction, this case is due to be remanded to the Circuit Court of Bullock County, Alabama, and an award of costs and fees pursuant to 28 U.S.C. § 1447(c) is appropriate.

**Plaintiffs, by Counsel**

/s/ Rodney E. Miller
**Robert G. Methvin, Jr. (MET009)**
**J. Matthew Stephens (STE153)**
**Rodney E. Miller (MIL126)**

**OF COUNSEL:**
**MCCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Telephone:   (205) 939-0199
Facsimile:    (205) 939-0399

/s/ L. Cooper Rutland
**L. Cooper Rutland, Jr. (RUT010)**

**OF COUNSEL:**
**RUTLAND & BRASWELL, L.L.C.**
208 N. Prairie Street
P.O. Box 551
Union Springs, AL 36089

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROMIE HARRIS, JR., AMY HARRIS, RUBY FRANCIS FOWLER, MARY LOIS GREEN, JAMES THOMAS, LULA THOMAS and JANIE BUFORD, | * * * * * |
| Plaintiffs, | * |
| v. | * CIVIL ACTION NO.: 2:06-CV-956-ID * * |
| PACIFICARE LIFE AND HEALTH INSURANCE COMPANY, ROBERT D. BELL, ELIZABETH R. CLARK, WILLIE C. TILLIS, and Fictitious Defendants A through Z, | * * * * * |
| Defendants. | * |

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2006, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Philip H. Butler
George B. Harris
William C. McGowin
**BRADLEY, ARANT, ROSE & WHITE, LLP**
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone:    (334) 956-7700


I hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

Paula Denney
John K. Edwards
Cedric D. Scott
**JACKSON WALKER, LLP**

10

1401 McKinney, Suite 1900
Houston, TX 77010
Telephone:     (713) 752-4200


Willie C. Tillis
306 Mullins Street
Opp, AL 36467


Robert D. Bell
508 N. Cleveland Street
Albany, GA 31701


Elizabeth Clark
505 Wisteria Palce
Birmingham, AL 35216

/s/ Rodney E. Miller
**Rodney E.  Miller  (MIL126)**
**MCCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205