UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ROMIE HARRIS, JR., AMY HARRIS, RUBY FRANCIS FOWLER, MARY LOIS GREEN, JAMES THOMAS, LULA THOMAS and JANIE BUFORD,<br>    Plaintiffs<br><br>v.<br><br>PACIFICARE LIFE AND HEALTH INSURANCE COMPANY, ROBERT D. BELL, ELIZABETH R. CLARK, WILLIE C. TILLIS, and Fictitious Defendants A through Z, those corporations, partnerships, LLC's, individuals or other entities who conduct contributed to the damages claimed herein whose names are not yet known to Plaintiffs but will be substituted by amendment when ascertained.<br>    Defendants | § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:06-CV-00956 |

**PACIFICARE LIFE AND HEALTH INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO REMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW PacifiCare Life and Health Insurance Company, ("PacifiCare"), and files this Motion for Leave to File Sur-Reply to Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion to Remand:

I.

Neither the Federal Rules of Civil Procedure nor this Court's Local Rules address the propriety of filing a sur-reply to a reply brief during motion practice. Accordingly, PacifiCare seeks leave of Court to file a Sur-Reply to Plaintiffs' Reply to Defendants'

Response to Plaintiffs' Motion to Remand ("Sur-Reply"), which is attached hereto as Exhibit A.

The Sur-Reply is necessary to point out several key in accuracies in Plaintiffs' Reply, including supplementation of the record with the Second Affidavit of Robert D. Bell ("Bell"), which conclusively demonstrates that service upon Bell was ineffective and, accordingly, removal was procedurally proper. Justice would be served by permitting the filing of the attached Sur-Reply, and no undue delay or prejudice to Plaintiffs would result therefrom. Therefore, PacifiCare respectfully requests that the Court grant leave of Court to PacifiCare to file the attached Sur-Reply.

**WHEREFORE**, PacifiCare Life & Health Insurance Company respectfully requests that the Court grant this Motion for Leave, and permit the filing of the attached Sur-Reply, and for any other relief to which it is entitled.

Respectfully submitted,

s/William C. McGowin
Philip H. Butler (BUT007)
George B. Harris (HAR138)
William C. McGowin (MCG040)
Robert E. Poundstone IV (POU006)

<u>OF COUNSEL</u>

Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104
Telephone: (334) 956-7700
Facsimile:   (334) 956-7701

Paula Denney
Texas State Bar No. 05746950
John K. Edwards
Texas State Bar No. 24002040
Cedric D. Scott
Texas State Bar No. 24013474
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: 713-752-4200
Facsimile:   713-752-4221

ATTORNEYS FOR DEFENDANT
PACIFICARE LIFE AND HEALTH
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

L. Cooper Rutland, Jr., Esq.
*Rutland & Braswell, L.L.C.*
208 N. Prairie Street
P.O. Box 551
Union Springs, Alabama 36089

Robert G. Methvin, Jr., Esq.
Robert G. Miller, Esq.
James Matthew Stephens, Esq.
*McCallum, Methvin & Terrell*
201 Arlington Avenue South
Birmingham, Alabama 35205

and I hereby certify that I have mailed by U.S. Postal Service the document to the following non-CM/ECF participants:

Robert D. Bell
Route 1, Box 995
Shellman, Georgia 39886

Willie C. Tillis
306 Mullins Street
Opp, Alabama 36467

Elizabeth R. Clark
505 Wisteria Place
Birmingham, Alabama 35216

                                                s/William C. McGowin
                                                Of Counsel

1/1532162.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ROMIE HARRIS, JR., AMY HARRIS, RUBY FRANCIS FOWLER, MARY LOIS GREEN, JAMES THOMAS, LULA THOMAS and JANIE BUFORD,<br>　　Plaintiffs<br><br>v.<br><br>PACIFICARE LIFE AND HEALTH INSURANCE COMPANY, ROBERT D. BELL, ELIZABETH R. CLARK, WILLIE C. TILLIS, and Fictitious Defendants A through Z, those corporations, partnerships, LLC's, individuals or other entities who conduct contributed to the damages claimed herein whose names are not yet known to Plaintiffs but will be substituted by amendment when ascertained.<br>　　Defendants | § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:06-CV-00956 |

**PACIFICARE LIFE AND HEALTH INSURANCE COMPANY'S
SUR-REPLY TO PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION TO REMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW PacifiCare Life and Health Insurance Company, ("PacifiCare"), and files this Sur-Reply to Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion to Remand:

### I.　**INTRODUCTION**

In their Reply in support of remanding this case to state court, Plaintiffs continue to assert that (1) removal to this Court was procedurally defective because PacifiCare's co-defendant, Robert D. Bell ("Bell"), was properly served yet failed to join in the

removal, and (2) no federal subject matter jurisdiction exists. PacifiCare files this Sur-Reply to respond to several inaccuracies in Plaintiffs' Reply.

## II.    SERVICE ON CO-DEFENDANT BELL

2.1.    PacifiCare previously submitted uncontroverted evidence that Bell: (1) has never been served or otherwise received a copy of the summons and complaint; (2) does not reside at 508 N. Cleveland Street, Albany, Georgia (the address cited in the Complaint); (3) did not sign the certified mail return containing the summons and complaint; and (4) does not know the person who signed the return as "Tommy Bell." (See Affidavit of Robert Bell, attached to PacifiCare's Memorandum of Law, at ¶ 2). Now, Plaintiffs claim that Bell was properly served because the unknown person "Tommy Bell" signed the certified mail return at Bell's "undisputed home address at 208 North Cleveland Street, Albany, Georgia" (not 508 North Cleveland Street).

2.2.    Plaintiffs' argument fails for at least two reasons. First, Rule 4(c)(1) of the Georgia Rules of Civil Procedure requires that service be effected at the defendant's "dwelling house or usual place of abode," and there is no evidence provided by Plaintiffs that 208 North Cleveland Street, Albany, Georgia, was Bell's "dwelling house or usual place of abode" at the time service was attempted. Second, Rule 4(c)(1) also requires that where service is effected on a person other than the named defendant, such person must be of suitable age and discretion; again, Plaintiffs have offered no evidence of the unknown "Tommy Bell's" age or discretion, much less that this person meets the Rule's requirements of "suitable" age and discretion. Plaintiffs' failure to provide proof of adequate service under the Georgia Rules show that Bell was never properly served, and thus his consent to the removal was not required.

2

2.3. In order to remove any doubt over the issue of service on Bell, PacifiCare submits a second affidavit from Bell, attached hereto as Exhibit A and incorporated herein by reference, where he unequivocally testifies that: (1) on the date the Complaint was filed, and at all times since, Bell did not reside at either 208 North Cleveland Street or 508 North Cleveland Street, Albany, Georgia, and instead has resided exclusively at Route 1, Box 995, Shellman, Georgia 39886; (2) he does not know anyone named 'Tommy Bell' and has never resided with anyone that went by that name; and (3) no one by the name 'Tommy Bell' is authorized to accept any legal papers on Bell's behalf. (*See* Second Bell Affidavit at ¶¶ 3-4). Plaintiffs have offered absolutely no evidence to controvert this testimony. Accordingly, PacifiCare has established that service upon Bell was ineffective and removal without Bell's joinder was, therefore, proper.

### III.  FEDERAL JURISDICTION

3.1  Despite PacifiCare's exhaustive briefing of the preemption issue in its Response to the Motion to Remand, including detailed citations to and quotations from the legislative history of the Medicare Act and its resulting regulatory framework, Plaintiffs continue to assert that this Court lacks subject matter jurisdiction because their claims are exclusively private causes of action under state law that do not implicate the Medicare Act's preemption provision, 42 U.S.C.A. § 1395w-26(b)(3). However, Plaintiffs fail to cite any affirmative case authority in support of their position. Instead, Plaintiffs seek to create an artificial distinction between state laws that expressly establish standards related to Medicare Advantage ("MA") and Prescription Drug Plans ("PDP"), and state laws that do not, which ostensibly include the private causes of action asserted by Plaintiffs herein. This type of categorical distinction is illusory. As the Court in *Uhm v. Humana, Inc.* clearly held, even private causes of action that do not

3

expressly set MA/PDP standards, including fraud claims, are nevertheless preempted if the remedies sought implicate federal-imposed standards. *Uhm v. Humana, Inc.*, 2006 WL 1587443 (W.D. Wash. June 2, 2006). While Plaintiffs go to great lengths to distinguish *Uhm*, the central holding of *Uhm* is that private causes of action such as those pleaded herein are preempted to the extent federal MA/PDP standards are involved.

    3.2    MA/PDP standards are clearly implicated in this case. Plaintiffs assertion that this lawsuit is "not based on claims of violations of Medicare's marketing or enrollment guidelines" and does not otherwise involve a state's attempt to establish standards relating to MA plans is belied by Plaintiffs' own pleading. (Reply at p. 6). Plaintiffs have plead that Defendants: (1) misrepresented that Plaintiffs were required to enroll in Secure Horizons' Medicare Advantage plans to obtain prescription drug coverage under Medicare; (2) failed to inform Plaintiff that they were being dis-enrolled from regular Medicare coverage; (3) reduced Plaintiffs' Medicare coverage; (4) denied Plaintiffs' Medicare claims; and (5) diverted Plaintiffs' Medicare premiums to PacifiCare. (Complaint at ¶¶ 13-19, 23, 28). These claims all relate to PacifiCare's marketing efforts and/or materials, the extent or quality of benefits or coverage promised or provided to Plaintiffs, and Medicare-related grievance and appeal procedures. As such, they are completely preempted under the Medicare Act/MMA. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. §1331, and Plaintiffs' Motion to Remand should be denied.

    **WHEREFORE**, PacifiCare Life & Health Insurance Company respectfully requests that the Court deny Plaintiffs' Motion to Remand, and for any other relief to which it is entitled.

Respectfully submitted,

s/ William C. McGowin
Philip H. Butler (BUT007)
George B. Harris (HAR138)
William C. McGowin (MCG040)
Robert E. Poundstone IV (POU006)

OF COUNSEL

Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile:  (334) 956-7701

Paula Denney
Texas State Bar No. 05746950
John K. Edwards
Texas State Bar No. 24002040
Cedric D. Scott
Texas State Bar No. 24013474
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone:  713-752-4200
Facsimile:   713-752-4221

ATTORNEYS FOR DEFENDANT
PACIFICARE LIFE AND HEALTH
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

L. Cooper Rutland, Jr., Esq.
*Rutland & Braswell, L.L.C.*
208 N. Prairie Street
P.O. Box 551
Union Springs, Alabama 36089

Robert G. Methvin, Jr., Esq.
Robert G. Miller, Esq.
James Matthew Stephens, Esq.
*McCallum, Methvin & Terrell*
201 Arlington Avenue South
Birmingham, Alabama 35205

and I hereby certify that I have mailed by U.S. Postal Service the document to the following non-CM/ECF participants:

Robert D. Bell
Route 1, Box 995
Shellman, Georgia 39886

Willie C. Tillis
306 Mullins Street
Opp, Alabama 36467

Elizabeth R. Clark
505 Wisteria Place
Birmingham, Alabama 35216

s/ William C. McGowin
Of Counsel

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ROMIE HARRIS, JR., AMY HARRIS, RUBY FRANCIS FOWLER, MARY LOIS GREEN, JAMES THOMAS, LULA THOMAS and JANIE BUFORD,<br>　　　Plaintiffs<br><br>v.<br><br>PACIFICARE LIFE AND HEALTH INSURANCE COMPANY, ROBERT D. BELL, ELIZABETH R. CLARK, WILLIE C. TILLIS, and Fictitious Defendants A through Z, those corporations, partnerships, LLC's, individuals or other entities who conduct contributed to the damages claimed herein whose names are not yet known to Plaintiffs but will be substituted by amendment when ascertained.<br>　　　Defendants | § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:06-CV-00956 |

## SECOND AFFIDAVIT OF ROBERT D. BELL

STATE OF GEORGIA　　§
　　　　　　　　　　　§
COUNTY OF DOUGHERTY　§

　　BEFORE ME, the undersigned authority, personally appeared ROBERT D. BELL, who, after being by me duly sworn, deposed and said as follows:

　　1.　"My name is Robert D. Bell. I am over 18 years of age and am fully competent to make this affidavit. I have personal knowledge of each and every factual matter stated herein.

　　2.　I am a named defendant in the above-referenced lawsuit, but I have not been served with or otherwise received a copy of the civil summons and complaint, nor have I

SECOND AFFIDAVIT OF ROBERT D. BELL – Page 1

received any papers from the Court related to this suit. My previous affidavit executed on November 28, 2006 is true and correct.

3. On September 21, 2006 (and at all times since), I did not reside at either 208 North Cleveland Street or 508 North Cleveland Street, Albany, Georgia. On September 21, 2006 (and at all times since), I have resided exclusively at Route 1, Box 995, Shellman, Georgia 39888.

4. Further, I do not know anyone named 'Tommy Bell' or who is known by the name 'Tommy Bell,' nor have I ever resided with anyone that went by that name. No one by the name 'Tommy Bell' is authorized to accept any legal papers on my behalf."

FURTHER, AFFIANT SAYETH NAUGHT.

_____
ROBERT D. BELL

SUBSCRIBED AND SWORN BEFORE ME on this the 15th day of December, 2006.

_____
Notary Public - State of Georgia

Comm. exp.
01-27-2007
Today's date
12-15-06