UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROMIE HARRIS, JR., AMY HARRIS, RUBY FRANCIS FOWLER, MARY LOIS GREEN, JAMES THOMAS, LULA THOMAS and JANIE BUFORD, <br><br> Plaintiffs, <br><br> v. <br><br> PACIFICARE LIFE AND HEALTH INSURANCE COMPANY, ROBERT D. BELL, ELIZABETH R. CLARK, WILLIE C. TILLIS, and Fictitious Defendants A through Z, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * Case No:2:06-cv-956-TM <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO REMAND

COME NOW the Plaintiffs in the above styled cause and respectfully submit the following notice of supplemental authority in support of their motion to remand:

1.    On February 16, 2006, Walter Bell, the Commissioner of Insurance for the State of Alabama Department of Insurance, issued a Bulletin related to Medicare Part D marketing and sales conduct. (Bulletin, attached hereto as Exhibit A). At its core, the Commissioner admonishes all Medicare sales producers and agents against using a Medicare Part D lead to cross-sell other insurance or healthcare products.[1]

---

[1] As background, starting January 1, 2006, Medicare began offering private prescription drug coverage to all Medicare recipients. These prescription drug plans are called "Medicare Part D" plans. One could enroll in a private Part D plan himself, or he was automatically enrolled after January 1. Needless to say, the switch to Medicare Part D plans caused mass confusion for persons who received Original Medicare coverage. Sales agents often used the Part D switchover

2. The Commissioner specifically states there have been numerous complaints regarding deceptive and fraudulent marketing activity related to Medicare sales, and that the "CMS will refer complaints it receives about producers licensed in the state to the Alabama Department of Insurance." Id. The Bulletin goes on to remind all licensed producers and agents that, in relation to their conduct in selling and marketing Medicare products, they are "subject to all laws and regulations of this state, including those relating to the duty of good faith and fair dealing, the suitability of sale, and the prohibitions against misrepresentation, churning and high pressure sales tactics." Id.

3. The Defendant's removal rests on the incorrect notion that all complaints related to a Medicare Advantage Plan such as the Secure Horizons plan at issue are preempted by the Medicare Act/MMA, including those asserted by the Plaintiffs. Yet this Bulletin clearly underscores what has already been argued by the Plaintiffs on remand -- that any licensed agent or entity engaging in wrongful, deceptive or fraudulent marketing conduct related to Medicare sales in Alabama is subject to the laws and regulations of the State of Alabama. The Bulletin also shows that the CMS has directed all complaints related to such wrongful and tortious marketing and sales conduct to the Alabama Department of Insurance.

4. Here, the Plaintiffs have filed a lawsuit alleging the precise conduct that the CMS is deflecting to the Alabama Department of Insurance, and that the Department says, in no uncertain terms, is "subject to all laws and

---

and the ensuing confusion as a "foot in the door" to cross-sell other healthcare products to Medicare eligible persons. The main product that has been cross-sold is the Medicare Advantage Plan, which is at issue in this lawsuit.

2

regulations of this state." Id. To reiterate what the Plaintiffs argued on remand, the Plaintiffs are complaining that the wrongful and deceptive sales practices of Pacificare's agents caused them to fundamentally misunderstand the product in which they enrolled and, therefore, to be switched out of Original Medicare. The Plaintiffs claim they suffered damages because they, believing they were still with Original Medicare, sought medical treatment from providers who accepted Medicare only and who were not in the Pacificare network. They were charged for services that otherwise would have been paid for under Original Medicare if it had not been replaced by the Secure Horizons plan. Indeed, the Plaintiffs are not claiming that Pacificare should have paid a particular claim. They are not seeking adjudication of a claim they submitted to Pacificare for payment. Nor are the Plaintiffs alleging that Medicare should have paid the claim (the claim was never submitted to Medicare in the first place). As such, there is no federal preemption.

Plaintiffs, by Counsel

/s/ J. Matthew Stephens
Robert G. Methvin, Jr. (MET009)
J. Matthew Stephens (STE153)
Rodney E. Miller (MIL126)

**OF COUNSEL:**
**MCCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Telephone:    (205) 939- 0199
Facsimile:    (205) 939-0399

3

/s/ L. Cooper Rutland
L. Cooper Rutland, Jr. (RUT010)

**OF COUNSEL:**
**RUTLAND & BRASWELL, L.L.C.**
208 N. Prairie Street
P.O. Box 551
Union Springs, AL 36089

# CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2007, I electronically filed the foregoing with the Clerk of the United States District Court, Middle District of Alabama using the CM/ECF system, which will send notification of such filing to the following:

Philip H. Butler
George B. Harris
William C. McGowin
**BRADLEY, ARANT, ROSE & WHITE, LLP**
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone:     (334) 956-7700

Paula Denney
John K. Edwards
Cedric D. Scott
**JACKSON WALKER, LLP**
1401 McKinney, Suite 1900
Houston, TX 77010
Telephone:     (713) 752-4200

Willie C. Tillis
306 Mullins Street
Opp, AL 36467

Robert D. Bell
508 N. Cleveland Street
Albany, GA 31701

4

Elizabeth Clark
505 Wisteria Palce
Birmingham, AL 35216

                                             s/ J. Matthew Stephens
                                             OF COUNSEL

# Exhibit A



**BOB RILEY**
**GOVERNOR**

STATE OF ALABAMA
DEPARTMENT OF INSURANCE
201 MONROE STREET, SUITE 1700
POST OFFICE BOX 303351
MONTGOMERY, ALABAMA 36130-3351
TELEPHONE: (334) 269-3550
FACSIMILE: (334) 241-4192
INTERNET: www.aldoi.gov

WALTER A. BELL
COMMISSIONER

ASSISTANT COMMISSIONER
RAGAN INGRAM

DEPUTY COMMISSIONER
D. DAVID PARSONS

CHIEF EXAMINER
RICHARD L. FORD

STATE FIRE MARSHAL
RICHARD MONTGOMERY

GENERAL COUNSEL
REYN NORMAN

RECEIVER
DENISE B. AZAR

LICENSING MANAGER
JIMMY W. GUNN

## BULLETIN

TO:      All Insurers Licensed in Alabama

FROM:    Walter A. Bell, Commissioner of Insurance

DATE:    February 16, 2006

RE:      Medicare Part D Marketing

Since October 1, 2005, marketing activity for the new Medicare prescription drug benefit, Medicare Part D, has been permissible. According to the Centers for Medicare & Medicaid Services (CMS), only state-licensed insurance producers may engage in marketing activity. The Medicare Modernization Act does not preempt producer licensing laws. Thus, state law and regulatory provisions regarding producer activity apply to the marketing of Medicare Part D.

CMS has received complaints about alleged misconduct by licensed producers with regard to Medicare Part D marketing. CMS will refer complaints it receives about producers licensed in this state to the Alabama Department of Insurance. This bulletin reminds licensed producers that they are subject to all laws and regulations of this state, including those relating to the duty of good faith and fair dealing, the suitability of sale, and the prohibitions against misrepresentation, churning, and high pressure sales tactics.

We view with a high degree of skepticism the use of a lead relating to Part D marketing activity to cross-sell other insurance products of any type. The new Part D benefit is fundamentally confusing for the Medicare beneficiary. It would be unwise for the producer to take advantage of the Part D lead to sell other insurance products to a Medicare beneficiary for which he or she may not be suited.

Allegations of misconduct related to Part D marketing will be thoroughly investigated by this office. Any proven misconduct will be prosecuted under the laws of this state relating to producer licensing.

WAB/EB/bc